UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTONIO CABAN,<br>  Petitioner,<br><br>  v.<br><br>THE COLLIER COUNTY JAIL,<br>  Respondent. | **CIVIL ACTION**<br>No. 23-11413-IT |

ORDER
June 27, 2023

  Antonio Caban, while in custody at the Collier County Jail in Seminole, Florida and proceeding *pro se*, filed a pleading stating that his "name is allegedly Antono Caban." Doc. No. 1. He then provides his social security number and states that he "did not sign for this contract." *Id.*

  The first paragraph of Caban's pleading references his efforts to determine the legal basis for his confinement and the remainder of the pleading consists of an explanation of the Moroccan-American treaty of peace and friendship of 1976. *Id.* He states that he is claiming himself "a sovereign citizen" and that he is "invoking [his] rights under the treaty of peace & friendship." *Id.* Caban states that he has "asked [his] kidnapper & commander under what law they are operating." *Id.*

  The court construes the initiating pleading as a Petition for Writ of Habeas Corpus [Doc. No. 1]. As such, the court lacks jurisdiction because Caban is not confined in the District of Massachusetts, but rather in the Middle District of Florida. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (holding that habeas corpus jurisdiction lies in district of confinement); 28

U.S.C. §2241(a) ("Writs of habeas corpus may be granted by…the district court[]…within [its]…jurisdiction[]").

Before dismissing the action for lack of jurisdiction, the court considers whether "it is in the interest of justice, [to] transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Here it is not in the interest of justice to transfer this action where the release sought by Caban is based upon the Treaty of Peace and Friendship, which is not a recognized basis for jurisdictional for habeas relief. *See Jones-El v. South Carolina*, No. 5:13-cv-01851, 2014 WL 958302, at *8 (D.S.C. March 11, 2014) (rejecting claim based on status as Moorish American and reliance on the Treaty of Peace and Friendship "whether raised under § 2254, § 2241, or by way of a civil complaint").

Accordingly, the <u>Petition for Writ of Habeas Corpus</u> [Doc. No. 1] is DENIED and the action is DISMISSED for lack of jurisdiction. The clerk shall enter a separate order of dismissal. SO ORDERED.

        /s/ Indira Talwani
        UNITED STATES DISTRICT JUDGE

June 27, 2023